# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JOHN SNODDERLY, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| JACOB LAW GROUP, PLLC, | ) JURY TRIAL DEMANDED |
| AND JACOB COLLECTON GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, John Snodderly, against Defendants Jacob Law Group, PLLC and Jacob Collection Group, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff John Snodderly is an adult individual residing in this judicial district, and he is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Jacob Law Group, PLLC ("JLG") is a business entity that regularly conducts business in this judicial district and has a principal place of business located at 2623 West Oxford Loop, Oxford Mississippi 38655. The principal purpose of JLG is the collection of debts already in default using the mail and telephone, and regularly attempts to collect said debts. JLG is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Jacob Collection Group, LLC ("JCG") is a business entity that regularly conducts business in this judicial district and has a principal place of business located at 2623 West Oxford Loop, Oxford Mississippi 38655. The principal purpose of JCG is the collection of debts already in default using the mail and telephone, and regularly attempts to collect said debts. JCG is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. JLG and JCG are collectively referred to throughout the Complaint as the "Defendants."

## FACTUAL ALLEGATIONS

8. According to Defendants, Plaintiff incurred a financial obligation (the "Debt") to an original creditor, Paragon Contracting Services, LLC (the "Creditor").

9. The alleged Debt arose out of transactions which were primarily for personal, family or household purposes.

10. At all pertinent times hereto, Plaintiff was not responsible for the Debt.

11. Defendants attempted to collect the Debt from Plaintiff, and as such, engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

12. Plaintiff disputed the validity of the Debt to the defendants.

13. Defendants did not obtain document verification of the debt from the Creditor.

14. Defendants did not mail Plaintiff verification of the debt.

15. Instead, Defendants filed a lawsuit against Plaintiff in the Small Claims Court in Tuscaloosa Alabama.

16. Documents filed with the Complaint included a different patient's name.

17. The purported Debt clearly belonged to someone other than Plaintiff.

18. Defendants knew Plaintiff did not owe the debt sued on.

19. Defendants made false statements in the lawsuit.

20. Defendant filed his Answer in the lawsuit, and he denied that he was responsible for the debt.

21. Defendants knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its

3

agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FDCPA
### (Plaintiff v. JLG)

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

26. JLG violated the FDCPA. violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), 1692f and 1692g, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b.    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false;

    c.    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff; and

    d.    By failing to obtain verification of the Debt and providing same to Plaintiff.

27.    JLG's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the Debt.

28.    As a result of the above violations of the FDCPA, JLG's is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT TWO – VIOLATIONS OF THE FDCPA
### (Plaintiff v. JCG)

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.    Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

31. JCG violated the FDCPA. JCG's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), 1692f and 1692g, as evidenced by the following conduct:

   a. The false representation of the amount, character or legal status of a debt;

   b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false;

   c. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff; and

   d. By failing to obtain verification of the Debt and providing same to Plaintiff.

32. JCG's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the Debt.

33. As a result of the above violations of the FDCPA, JCG is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## **JURY TRIAL DEMANDED**

34. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

*/s/Micah S. Adkins*
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C**.
2 Perimeter Park South, Suite 405 E
Birmingham, Alabama 35243
Telephone: (205) 206-6718
Facsimile:  (205) 208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*